NO. 07-04-0034-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2004


______________________________



FRANK GONZALES HERNANDEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 4024; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Frank Gonzales Hernandez contests in four issues his conviction of
possession of a controlled substance (cocaine) in an amount of 400 grams or more. In
those issues, he argues 1) the trial court erred in overruling his motion to suppress, 2) he
received ineffective assistance of counsel because his counsel did not inform him of the
correct range of punishment and failed to object to various evidence, and 3) the trial court
abused its discretion in admitting evidence of a prior stop. We affirm the judgment of the
trial court.

 Background

 On November 22, 2002, Highway Patrol Trooper Jason Henderson stopped
appellant on Interstate 40 for speeding and following too closely to another vehicle.
Henderson observed that appellant was extremely nervous though he told him that he
would receive only a written warning. He ran a license check on appellant and discovered
that he had several prior arrests, at least one of which was for possession of marijuana. 
He then returned to appellant's vehicle, noted his continued nervousness, and asked that
he step out of the vehicle. Appellant signed the warning, and Henderson asked him if he
had ever been arrested before. Appellant stated that he had not but later modified his
comment to say that he had not been arrested in the last 20 years. This the officer knew
to be false. The trooper then asked for permission to search the vehicle; appellant refused
to grant it. At that point, the officer told him he would be detained until a canine unit 
arrived to sniff for contraband. 

 At the time the canine search was conducted, the dog alerted to the presence of
narcotics. The officers then searched the vehicle and found some marijuana in a bag in
the front seat and another small bag that tested positive for methamphetamine. Some gum
that the trooper saw appellant take from his mouth when initially stopped and stick to the
vehicle's console also had a white substance coating it. Testing of the gum in the field
revealed the presence of methamphetamine. Appellant was then arrested. The officers
continued the search and discovered indicators of a false floor in the rear cargo area. The
area was later discovered to contain 66 pounds of cocaine.

 Issue One - Motion to Suppress

 Appellant argues in his first issue that Henderson did not have specific articulable
facts to warrant his continued detention after giving him a warning ticket. We overrule the
issue.

 We review the trial court's ruling on a motion to suppress under the standard
announced in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give
almost total deference to the trial court's findings of historical fact and review de novo its
application of the law to the facts. Id. at 89. 

 Appellant does not challenge the legality of the initial stop but contends that his
continued detention for the canine officer once he had received the warning ticket was
unjustified. A temporary detention to allow an olfactory inspection by a police dog trained
to detect the odor of illegal narcotics does not violate the Fourth Amendment when based
on reasonable suspicion that narcotics are present. Crockett v. State, 803 S.W.2d 308,
311 n.7 (Tex. Crim. App. 1991). After an initial traffic stop, an officer is entitled to rely on
all of the information obtained during the course of his contact with the driver in developing
the articulable facts that justify a continued detention. Razo v. State, 577 S.W.2d 709, 711
(Tex. Crim. App. 1979); Powell v. State, 5 S.W.3d 369, 377 (Tex. App.-Texarkana 1999,
pet. ref'd), cert. denied, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). 
Furthermore, he is entitled to request a driver's license, insurance papers, information on
the ownership of the vehicle, the driver's destination, and the purpose of the trip. Powell
v. State, 5 S.W.3d at 377; Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.-Fort Worth
1998, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 856 (Tex. App.-Tyler 1996, no pet.). It
is also reasonable to check for outstanding warrants. Powell v. State, 5 S.W.3d at 377;
Smith v. State, 840 S.W.2d 689, 692 (Tex. App.-Fort Worth 1992, pet. ref'd); Petty v. State,
696 S.W.2d 635, 639 (Tex. App.-Dallas 1985, no pet.). 

 Henderson testified that: 1) appellant showed a high level of nervousness, i.e. his
voice was shaking and quivering, his hands were shaking, he would not make eye contact,
and he kept crossing his arms and sticking his hands in his pockets; 2) the degree of
nervousness did not decrease throughout the detention and despite being told he was only
going to receive a warning ticket; 3) appellant told the trooper that he was going to visit
some friends in Atlanta, Georgia, but later said he was a self-employed lighting technician
and was going to do a job there; 4) the trooper did not see any items in appellant's vehicle
such as amplifiers, lighting equipment, electrical cords or anything that would be connected
with that occupation; 5) the trooper ran a criminal history check and was advised that
appellant had several prior arrests at least one of which was for possession of marijuana;
6) appellant told the officer that he had not been arrested before and then stated he had
not been arrested in the last 20 years, although Henderson knew appellant had been
arrested in the last seven or eight years; 7) when asked if he had any "dead bodies in the
car," appellant quipped "'that he had dropped them off earlier'" but simply shook his head
when asked if he had marijuana or cocaine in the vehicle; 8) when first stopped by the
officer, appellant removed from his mouth a "large piece of bubble gum" having a "white
substance coating" (which proved to be methamphetamine); 9) appellant initially stated he
was responsible only for the personal items in the vehicle which caused the officer to
believe he was trying to distance himself from the vehicle, and 10) based on his experience
and training as a drug interdiction officer, the trooper believed appellant's conduct
"indicated . . . that he was either high on some type of narcotic and/or . . . involved in some
sort of criminal activity." The trooper also stated that he believed appellant was trying to
hide something. 

 We believe that from the totality of the circumstances, the officer had a reasonable
basis to believe that narcotics were present. See Powell v. State, 5 S.W.3d at 378-79
(holding that the officer had a reasonable suspicion of criminal activity based on the
defendant's nervousness, the conflicting stories of the defendant and his passenger about
the details of their trip, the defendant's statement that he had never been arrested when
the officer found out by computer that he had, and the lack of registration of the car to
either occupant). So, briefly detaining appellant for the purpose of conducting a search via
a drug dog was not improper. 

 To the extent that appellant relies on McQuarters v. State, 58 S.W.3d 250 (Tex.
App.-Fort Worth 2001, pet. ref'd) to contend otherwise, we find the case distinguishable. 
Unlike the circumstances here, those present in McQuarters did not include the officer
catching the detainee in a lie or the discovery that the detainee had been involved in prior
drug related matters; those missing indicia were of import to the McQuarters court. Id. at
257. And, they are present here. So, that case does not control our outcome, and we
conclude that the trial court did not abuse its discretion in overruling the motion to
suppress.

 Issues Two and Three - Ineffective Assistance of Counsel

 In his second and third issues, appellant complains that his trial counsel was
ineffective in failing to inform him of the correct range of punishment for his offense and in
failing to object to the admission of certain evidence. We overrule the issues.

 Range of Punishment 

 Prior to commencement of the punishment phase, appellant's counsel made a
statement on the record that at all times throughout the case including prior to trial when
the State offered a plea bargain of ten years, he had represented to appellant that the
range of punishment was five years to 99 years or life. However, the accurate range was
ten to 99 years or life. Because of this mistake, appellant now claims that he never "had
the opportunity to evaluate the plea bargain offer with accurate advice of counsel until after
the guilty verdict" and, but for the erroneous advice of counsel, it could reasonably be
assumed he would have accepted the plea bargain. In other words, he contends that the
misstatement was prejudicial since it denied him opportunity to adequately assess the plea
offer. 

 An accused is entitled to effective assistance of counsel during the plea bargaining
process. Hernandez v. State, 28 S.W.3d 660, 664 (Tex. App.-Corpus Christi 2000, pet.
ref'd); Callahan v. State, 24 S.W.3d 483, 485 (Tex. App.-Houston [1st Dist.] 2000, pet.
ref'd), cert. denied, 535 U.S. 1078, 122 S.Ct. 1962, 152 L.Ed.2d 1022 (2002). However,
appellant is required to prove, by a preponderance of the evidence, not only that his
counsel's representation fell below the objective standard of professional norms but also
that it prejudiced his defense. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
Furthermore, to satisfy the latter prong, it must be shown that there exists a reasonable
probability that but for the misconduct, the result would have been different. Id. This is 
satisfied if the circumstances undermine our confidence in the outcome. Id. Moreover,
claims of ineffectiveness must be firmly founded in the record. McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136
L.Ed.2d 851 (1997), overruled on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex.
Crim. App. 1998). 

 Assuming arguendo that a plea offer was made and that counsel's performance was
deficient, appellant failed to present any evidence either at trial or at the hearing on his
motion for new trial illustrating that the outcome would have differed. Given that appellant
complained about his inability to accurately assess the plea offer, the requisite evidence
would have to include that establishing that he would have taken the offer. See Dickerson
v. State, 87 S.W.3d 632, 638 (Tex, App.-San Antonio 2002, no pet.) (holding that the
appellant did not carry his burden since he did not prove he would have accepted the plea
offer if his attorney had relayed it to him); Martins v. State, 52 S.W.3d 459, 468 n.6 (Tex.
App.-Corpus Christi 2001, no pet.) (holding the same). It was not enough to simply
suggest in his appellate brief that it could reasonably be assumed that he would have
accepted the offer. And, this is especially so when, as here, the record contains evidence
of appellant telling others that he thought he had a "case [he could] beat" and he agreed
with his attorney when his attorney said "he doesn't plead cases." In short, appellant did
not carry his burden on appeal. 

 Admission of Evidence

 Appellant next notes 16 different instances in which he alleges that his counsel
should have objected to the admission of evidence based on various rules of evidence. For
the majority of these instances, appellant merely quotes the objectionable testimony and
states the witness was not qualified and/or states that an objection should have been made
under a specific rule of evidence. Little to no substantive analysis was provided to us. This
is problematic since a brief must contain clear and concise argument for the contentions
made with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). 
Mere conclusions without argument or analysis do not satisfy this requirement and result
in the waiver of the complaints. Garcia v. State, 887 S.W.2d 862, 871 (Tex. Crim. App.
1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

 Yet, even assuming that the instances of performance mentioned by appellant fell
below reasonable norms, he said nothing about how they prejudiced him. Again, it was his
obligation to illustrate a reasonable probability that the outcome would have differed but for
the mistakes. Furthermore, the evidence of guilt was strong. Given this we cannot say 
appellant carried his burden. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (the
failure to make any effort to prove prejudice precludes relief), cert. denied, 529 U.S. 1070,
120 S.Ct. 1680, 146 L.Ed.2d 487 (2000); Umphres v. State, No. 07-02-0420-CR, 2004
LEXIS 5737 at 13-14 (Tex. App.-Amarillo, June 24, 2004, no pet.) (not designated for
publication) (holding that the appellant failed to carry his burden of proof because he made
no effort to illustrate prejudice). 

 Issue Four - Previous Stop

 In his final issue, appellant complains of the trial court's admission during the
punishment phase of a previous stop of him by the same officer who conducted the canine
drug search. We overrule the issue.

 During the punishment phase, the canine officer testified that he had stopped
appellant on Interstate 40 approximately one month earlier when he was driving a different
vehicle because he had made an illegal u-turn. Appellant was only given a warning ticket
at that time as well. Yet, the officer also had his drug dog sniff around the vehicle. Though
the dog's response satisfied two of the three indicators illustrating the presence of
narcotics, appellant was released; all three indicators had to be present, according to the
officer, for him to have probable cause to search the vehicle. 

 Appellant argues that the trial court should have sustained his objection to the
evidence under Rule of Evidence 403. And, other than saying that the evidence was
relevant only for the purpose of illustrating that he had traveled on I-40 earlier, no
substantive analysis is provided to us explaining why Rule 403 required exclusion of the
evidence. Nor was anything said about prejudicial effect, if any, of the evidence or how it
substantially outweighed its probative value. Consequently, the issue was inadequately
briefed and, therefore, waived.

 Moreover, we note that evidence may be offered regarding any matter the trial court
deems relevant to sentencing at the punishment hearing. Tex. Code Crim. Proc. Ann. art.
37.07 §3(a)(1) (Vernon Supp. Pamph. 2004-2005). Additionally, its ruling is reviewed under
the standard of abused discretion. Reese v. State, 33 S.W.3d 238, 240 (Tex. Crim. App.
2000). 

 Here, the evidence tends to show a possible pattern in which appellant traveled I-40
transporting drugs. Having that tendency, it is the type of evidence that a jury may consider
in assessing punishment. See Fowler v. State, 126 S.W.3d 307, 311 (Tex. App. -
Beaumont 2004, no pet.) (holding that evidence of a pattern of conduct of prior assaults
had legitimate purpose of causing jury to increase the defendant's punishment). This
seems especially so when other evidence, such as the special compartment for carrying
drugs being built into the vehicle he drove when ultimately arrested, appears of record. In
short, it was one more bit of evidence indicating involvement in the drug business, a factor
well worth considering when assessing punishment. Thus, we cannot say that the trial
court's ruling fell outside the zone of reasonable disagreement or constituted an instance
of abused discretion. 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish.