NO. 07-09-0339-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
28, 2011

 



 

RUFUS SITO NANEZ, III,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 69TH DISTRICT COURT OF MOORE
COUNTY;

 

NO. 4077; HONORABLE RON ENNS,
PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            What we have
before us is an appeal attacking trial counsel’s performance.  Appellant, Rufus Sito Nanez, III, was
convicted on two counts of aggravated sexual assault.  He and his appellate attorney attempt to sway
us to believe that trial counsel provided Nanez ineffective assistance in
eighteen different ways.  Whether either
appellant or his attorney read this court’s opinion in Beck v. State, 976 S.W.2d 265, 268 (Tex. App.–Amarillo 1998, pet.
ref’d) (especially the last paragraph) is unknown but we respectfully suggest
that they do.  And, we affirm the
judgment for the following reasons.

            First, of
the eighteen complaints, none were supported by legal authority. That is,
neither appellant nor his appellate attorney provided us with statutory or case
citation purporting, in any way, to illustrate that the particular conduct of
which they complained was unreasonable or deficient.  Omitting such authority alone permits us to
deem the issues inadequately briefed and, therefore, waived.  Delijevic
v. State, 323 S.W.3d 606, 609 (Tex. App.–Amarillo 2010, no pet.) (holding
that the failure to support argument with applicable authority equates to
inadequate briefing and constitutes a waiver of the issue).

            Second, no
evidence appears of record purporting to illustrate the reasons or motivations,
if any, underlying trial counsel’s decisions or actions.  This is problematic because we are to presume
that counsel based those decisions and actions on sound trial strategy.  Mata v.
State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  Furthermore, that presumption cannot
generally be overcome absent evidence of those reasons and motives appearing in
the record.  Ex parte Niswanger, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011).  And, none of the examples of allegedly
deficient conduct cited by appellant and his appellate attorney compare to
those rare instances of misconduct for which there can be no legitimate strategy.  Indeed, attacking trial counsel because he
“fail[ed] to address venirepersons by name” falls short of such unjustifiable
misconduct.

            Third,
proving ineffective assistance requires more than simply showing some mistake
or default.  The complainant must also
establish that the default was prejudicial. 

Cannon v. State, 252 S.W.3d 342,
348-49 (Tex. Crim. App. 2008).  Moreover,
fulfilling that burden requires more than simply surmising that the result may
have differed if X had happened.  Rather,
it is a true burden mandating explanation and development, and omitting to do
so is fatal to the complaint. See Howard
v. State, 239 S.W.3d 359, 368 (Tex. App.–San Antonio 2007, pet. ref’d); Callahan v. State, 24 S.W.3d 483, 486
(Tex. App.–Houston [1st Dist.] 2000, pet. ref’d).  Appellant and his counsel so failed here.

            Counsel is
not ineffective simply because he did not do that which his accuser thought he
should have done.  Nor is he legally
deficient simply because some attorney who enjoys the benefit of hindsight and
cool reflection would have taken a different tact.   Indeed, appellate counsel should not only
recognize what is required by law but also use caution when calling someone
ineffective.  Those before us today should
heed that admonishment when next they think about invoking the theory.  Unfounded and undeveloped accusations like
those uttered at bar needlessly belittle their human target and do little to
serve a client’s interests.  It “ain’t” a
game folks; it’s real lives we are dealing with.

            We overrule
each issue and affirm the judgment.  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice      

 

Publish.