NO. 07-09-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2011

RUFUS SITO NANEZ, III,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 4077; HONORABLE RON ENNS, PRESIDING

***Opinion***

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

What we have before us is an appeal attacking trial counsel's performance. Appellant, Rufus Sito Nanez, III, was convicted on two counts of aggravated sexual assault. He and his appellate attorney attempt to sway us to believe that trial counsel provided Nanez ineffective assistance in eighteen different ways. Whether either appellant or his attorney read this court's opinion in *Beck v. State,* 976 S.W.2d 265, 268 (Tex. App.–Amarillo 1998, pet. ref'd) (especially the last paragraph) is unknown but we

respectfully suggest that they do. And, we affirm the judgment for the following reasons.

First, of the eighteen complaints, none were supported by legal authority. That is, neither appellant nor his appellate attorney provided us with statutory or case citation purporting, in any way, to illustrate that the particular conduct of which they complained was unreasonable or deficient. Omitting such authority alone permits us to deem the issues inadequately briefed and, therefore, waived. *Delijevic v. State,* 323 S.W.3d 606, 609 (Tex. App.–Amarillo 2010, no pet.) (holding that the failure to support argument with applicable authority equates to inadequate briefing and constitutes a waiver of the issue).

Second, no evidence appears of record purporting to illustrate the reasons or motivations, if any, underlying trial counsel's decisions or actions. This is problematic because we are to presume that counsel based those decisions and actions on sound trial strategy. *Mata v. State,* 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). Furthermore, that presumption cannot generally be overcome absent evidence of those reasons and motives appearing in the record. *Ex parte Niswanger,* 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). And, none of the examples of allegedly deficient conduct cited by appellant and his appellate attorney compare to those rare instances of misconduct for which there can be no legitimate strategy. Indeed, attacking trial counsel because he "fail[ed] to address venirepersons by name" falls short of such unjustifiable misconduct.

Third, proving ineffective assistance requires more than simply showing some mistake or default. The complainant must also establish that the default was prejudicial.

2

*Cannon v. State,* 252 S.W.3d 342, 348-49 (Tex. Crim. App. 2008). Moreover, fulfilling that burden requires more than simply surmising that the result may have differed if X had happened. Rather, it is a true burden mandating explanation and development, and omitting to do so is fatal to the complaint. *See Howard v. State,* 239 S.W.3d 359, 368 (Tex. App.–San Antonio 2007, pet. ref'd); *Callahan v. State,* 24 S.W.3d 483, 486 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd). Appellant and his counsel so failed here.

Counsel is not ineffective simply because he did not do that which his accuser thought he should have done. Nor is he legally deficient simply because some attorney who enjoys the benefit of hindsight and cool reflection would have taken a different tact. Indeed, appellate counsel should not only recognize what is required by law but also use caution when calling someone ineffective. Those before us today should heed that admonishment when next they think about invoking the theory. Unfounded and undeveloped accusations like those uttered at bar needlessly belittle their human target and do little to serve a client's interests. It "ain't" a game folks; it's real lives we are dealing with.

We overrule each issue and affirm the judgment.


Brian Quinn
Chief Justice


Publish.

3