NO. 07-11-00261-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
2, 2011

 



 

TERRY R. STREUER, APPELLANT

 

v.

 

PSZ FINANCIAL, LLC, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW #2 OF
COMAL COUNTY;

 

NO. 2011CVB0205; HONORABLE CHARLES A. STEPHENS II, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

            Appellant,
Terry R. Streuer, appeals a judgment in a forcible entry and detainer action
which ordered that PSZ Financial, LLC, is entitled to possession of a property
in New Braunfels, Texas.  On May 24,
2011, Streuer timely filed his notice of appeal in the trial court.  On June 3, Streuer filed an affidavit of
indigence with the 3rd District Court of Appeals.  On or about July 1, the appeal was
transferred to this Court.  On July 12,
this Court sent the trial court clerk and reporter notice that Streuer had
filed his affidavit of indigence, and directed them to file any contest to
Streuer’s affidavit by July 22.

            On
July 22, this Court received a contest of Streuer’s affidavit filed by the
official court reporter.  However, this
contest indicates that Streuer had already paid for the reporter’s record.  Also, the reporter’s record was received and
filed by the Clerk of this Court on July 22. 
Thus, it does not appear that the reporter is affected by Streuer’s
affidavit.  As such, we deny the
reporter’s contest as moot.

            On
July 28, this Court received a contest of Streuer’s affidavit filed by the
County Clerk.  While this contest
identifies a potential issue regarding the case to which the affidavit was
intended to apply,[1]
this Court’s correspondence of July 12, clearly indicated that the affidavit
was construed by this Court to apply to the present appeal.  Regardless of any merit to the County Clerk’s
contentions contained in the contest, it was untimely filed, and, as such, we
are required to deem the allegations in Streuer’s affidavit true and order that
Streuer be allowed to proceed without advance payment of costs.  Tex.
R. App. P. 20.1(e).

            As
such, this Court orders the County Clerk of Comal County to prepare the clerk’s
record in this appeal without advance payment of costs.  The clerk’s record was due on July 18,
2011.  However, the Court will sua sponte grant a 30 day
extension.  See Tex. R. App. P. 2.  The clerk’s record in this appeal is due on
or before August 17, 2011.

                                                                                                Per
Curiam

 











[1] It appears that
Streuer has a case pending in the 207th District Court in addition
to the present appeal from judgment in County Court at Law, No. 2, of Comal
County.








ant must also
establish that the default was prejudicial. 

Cannon v. State, 252 S.W.3d 342,
348-49 (Tex. Crim. App. 2008).  Moreover,
fulfilling that burden requires more than simply surmising that the result may
have differed if X had happened.  Rather,
it is a true burden mandating explanation and development, and omitting to do
so is fatal to the complaint. See Howard
v. State, 239 S.W.3d 359, 368 (Tex. App.–San Antonio 2007, pet. ref’d); Callahan v. State, 24 S.W.3d 483, 486
(Tex. App.–Houston [1st Dist.] 2000, pet. ref’d).  Appellant and his counsel so failed here.

            Counsel is
not ineffective simply because he did not do that which his accuser thought he
should have done.  Nor is he legally
deficient simply because some attorney who enjoys the benefit of hindsight and
cool reflection would have taken a different tact.   Indeed, appellate counsel should not only
recognize what is required by law but also use caution when calling someone
ineffective.  Those before us today should
heed that admonishment when next they think about invoking the theory.  Unfounded and undeveloped accusations like
those uttered at bar needlessly belittle their human target and do little to
serve a client’s interests.  It “ain’t” a
game folks; it’s real lives we are dealing with.

            We overrule
each issue and affirm the judgment.  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice      

 

Publish.