

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00386-CR

---

JAMES JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 3
Tarrant County, Texas
Trial Court No. 1226641D, Honorable Robb Catalano, Presiding

---

August 25, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, James Jones, appeals his conviction for the offense of capital murder.[1] Because appellant was found guilty of capital murder and the State did not seek the death penalty, the trial court automatically sentenced appellant to life imprisonment without parole.[2] We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2014).

[2] *See id.* § 12.31(a)(2) (West Supp. 2014).

Factual and Procedural Background

On January 6, 2011, Kevin Dunlop went to Gerard Dorsey's apartment to play video games with Gerard's younger brother, John. There was a group of seven or eight people that gathered at the apartment to play games.

John had been living with Gerard for a couple of weeks and had begun selling drugs out of the apartment. Appellant contacted John to arrange a purchase of drugs. Appellant had already purchased drugs from John earlier in the evening.

Appellant arrived at the apartment alone and John let him in. Appellant was using his phone to text as he entered the apartment. After the transaction was completed, John escorted appellant to the door of the apartment. When John opened the door to let appellant out, three males burst through the doorway with guns drawn. Appellant did not appear fearful as the robbery commenced. In fact, according to John, appellant pulled a previously concealed pistol from his clothing. Almost immediately after announcing that this was a robbery, one of the members of the group began shooting. When the shooting began, the people in the apartment scattered. Approximately nine shots were fired.

A neighboring resident of the apartment complex heard the gunshots and looked out of her window to see a group of males running away from the complex to a car. She was able to identify one of these males as appellant. Another resident that heard the shots called the police.

When the police arrived, two gunshot victims were discovered in the apartment. One victim was taken to the hospital. Kevin Dunlop was found lying face down in a closet. He had been shot three times and had died. Subsequent DNA testing performed on Dunlop's jeans identified appellant's DNA inside of Dunlop's pockets.

Appellant was indicted for the offense of capital murder. At the close of evidence at trial, the trial court held a charge conference. At the charge conference, appellant's counsel requested that there be no specific reference to the law of parties included in the application paragraph of the charge. The trial court denied this request and a charge that incorporated the instruction on the law of parties by reference into the application paragraph was submitted to the jury. The jury returned a verdict finding appellant guilty of capital murder. Under the applicable statute, the trial court automatically sentenced appellant to life incarceration without the possibility of parole. Appellant timely filed notice of appeal.

By his appeal, appellant presents two issues. By his first issue, appellant contends that the trial court erred by failing to expressly state in the application paragraph of the jury charge that appellant can only be found guilty of capital murder as a party if he should have anticipated a murder in the course of the aggravated robbery. By his second issue, appellant contends that he was deprived of the effective assistance of counsel when trial counsel failed to argue that, for appellant to be guilty of capital murder as a party, he should have anticipated a murder in the course of the aggravated robbery.

By his first issue, appellant contends that the trial court erred by failing to include language in the application paragraph of the court's charge to the jury that, to find appellant guilty of capital murder, the jury must find that appellant should have anticipated that a murder would occur in the course of the aggravated robbery to which he was a party. The State responds that (1) if the omission is an error, appellant invited the error, (2) the charge was not in error, and (3) if there was error in the charge, it did not cause egregious harm.

<u>Invited Error</u>

If a party requests or moves the court to make a particular ruling and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal. *Willeford v. State*, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref'd) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc)). This is the doctrine of invited error. *Id.* As applicable to the present case, a party may not complain on appeal that a jury charge that he requested was in error. *See Prystash*, 3 S.W.3d at 531.

The following exchange occurred during the charge conference:

[Appellant's counsel]: We object to the inclusion of the language beginning on the second line on page four starting with the word "either," either acting alone or as a party as that term has been previously defined. We would ask that that be stricken on the application paragraph.

We'd also object and ask that the same words be stricken from the application paragraph on the aggravated robbery, either acting alone or as a party as that term has been previously defined. We believe that

inclusion of that is an improper comment on the weight of the evidence to be given. I believe that party is already defined in the instructions and doesn't need to be included in the application paragraph.

THE COURT: Okay. So your -- you don't want any specific mention of acting alone or as a party in the application paragraph at all?

[Appellant's counsel]: That's correct.

The trial court denied appellant's objection and the jury charge included the language incorporating the instructions on the law of parties into the application paragraph. While appellant requested that the application paragraph of the jury charge contain no reference to the abstract instruction on the law of parties, the trial court denied his request. As such, this is not invited error because the trial court did not "rule[] in accordance with the request" for an erroneous ruling. *See Willeford*, 72 S.W.3d at 823.

Error

Review of an alleged charge error is a two-step process. *Nelson v. State*, 297 S.W.3d 424, 433 (Tex. App.—Amarillo 2009, pet. ref'd) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (en banc)). We must determine whether error actually occurred and, if so, we then evaluate the error to determine the degree of harm it caused. *Id.* The degree of harm requiring reversal depends on whether the appellant objected to the charge. *Id.* Preserved error calls for reversal so long as any harm is shown, in other words, if it is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc) (op. on reh'g). When no proper objection was made at trial, charge error will result in reversal unless the error is so egregious and created such harm that it has denied appellant a fair and impartial trial. *Id.*

"It is error for a trial court to instruct the jury on the law of parties in the abstract portion of the charge but then fail to apply or refer to that law in the application paragraph of the charge." *Greene v. State*, 240 S.W.3d 7, 15 (Tex. App.—Austin 2007, pet. ref'd) (citing *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995) (en banc)). Generally, a charge is sufficient to support a conviction on the parties theory if it instructs the jury on the law of parties in the abstract portion of the charge and the application paragraph incorporates those instructions by reference. *See Vasquez v. State,* 389 S.W.3d 361, 368 (Tex. Crim. App. 2012); *Chatman v. State*, 846 S.W.2d 329, 332 (Tex. Crim. App. 1993); *Greene*, 240 S.W.3d at 15. However, it is error for a charge not to apply the law of parties directly to the facts when requested. *Greene*, 240 S.W.3d at 15; *see Vasquez*, 389 S.W.3d at 368. But, if such a direct application of the law of parties is not requested, incorporation of abstract instructions by reference is not error, let alone fundamental error. *See Greene*, 240 S.W.3d at 15-16.

In the present case, it is clear that the application paragraph of the jury charge incorporated the abstract instruction on the law of parties by reference to "the foregoing instructions" and "party[,] as that term has been previously defined." Appellant did not request that the law of parties be directly applied to the facts of the case in the application paragraph of the court's charge. In fact, as discussed above, appellant actually requested that the law of parties not be referenced in the application paragraph at all. Consequently, under the facts of this case, the trial court's references to the law of parties in the application paragraph of the jury charge are sufficient to properly instruct the jury. *See Vasquez,* 389 S.W.3d at 368; *Chatman*, 846 S.W.2d at 332; *Greene,* 240 S.W.3d at 15. In the absence of appellant's request for a direct application

6

of the law of parties to the facts of this case in the application paragraph, the jury charge was not erroneous.  *See Greene*, 240 S.W.3d at 15-16.

Because the charge was not in error, we cannot address the degree of harm caused by the error.  *See Nelson*, 297 S.W.3d at 433.  Accordingly, we overrule appellant's first issue.

Ineffective Assistance of Counsel

Appellant contends that, based on the evidence presented in this case, the only viable defensive theory was that appellant had no reason to anticipate that a murder would be committed during the course of the aggravated robbery.  Therefore, by his second issue, appellant contends that he was deprived of the effective assistance of counsel when his trial counsel failed to argue that for him to be found guilty of capital murder as a party, the murder must have been something that appellant should have anticipated occurring during the course of the aggravated robbery.  Appellant also contends that counsels' failure to request an express application of this principle of the law of parties to the facts of this case in the application paragraph of the jury charge was ineffective assistance of counsel.

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel.  U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in *Strickland*, 466 U.S. at 687.  *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim.

7

App. 1986) (en banc). This test requires an appellant claiming ineffective assistance of counsel to prove, by a preponderance of the evidence, that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland*, 466 U.S. at 689). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. *See id*. Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (quoting, with alteration, *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)). This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. *Ingham*, 679 S.W.2d at 509. Counsel is not ineffective simply because he did not do that which his accuser thought that he should have done or because some attorney having the benefit of hindsight and cool reflection would have acted differently. *Nanez v. State*, 346 S.W.3d 875, 876-77 (Tex. App.—Amarillo 2011, no pet.). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Robertson*, 187 S.W.3d at 483.

For an appellate court to find that counsel was ineffective, counsel's deficient performance must be firmly founded in the trial record. *See Lopez,* 343 S.W.3d at 142;

8

*McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). When direct evidence of counsel's reasoning for taking the questionable action is not available, we will assume that counsel took such action for any reasonably sound strategic purpose that can be imagined. *See Lopez*, 343 S.W.3d at 143. When no reasonable strategy could justify trial counsel's conduct, counsel's performance fell below the objective standard of reasonableness as a matter of law, regardless of whether the record reflects counsel's subjective strategy. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

While appellant acknowledges that, in most instances, trial counsel should be given the opportunity to explain his or her trial strategy on the record before an appellate court will find counsel's representation ineffective, appellant contends that his counsels' failure to argue that appellant should not have anticipated that a murder would be committed during the course of the aggravated robbery was ineffective because there could be no sound trial strategy to justify this failure.[3] However, the record reflects that appellant's trial counsel argued to the jury the high burden of proof that the State had to carry and that the evidence suggested that appellant was only guilty of aggravated robbery. Further, it appears that counsel made a strategic choice to attempt to minimize the law of parties in the jury charge by requesting that there be no reference to the abstract instruction on the law of parties in the application paragraph of the charge. While these strategies may not have been the best strategies, we cannot

---

[3] We must remain mindful that there was evidence that appellant not only knew that others in the group of robbers had guns, but that he had a gun himself. As a result, had trial counsel made the argument appellant now contends they should have made, it may have only focused the jury's attention on the fact that appellant should have anticipated that a murder could occur during the course of the aggravated robbery. As such, we conclude that it was a viable trial strategy to attempt to deemphasize the law of parties in this case.

9

conclude that there could be no reasonably sound strategic purpose for making these arguments. Therefore, we do not conclude from the record[4] that trial counsels' representation fell below an objective standard of reasonableness. *See Robertson*, 187 S.W.3d at 483; *Ingham*, 679 S.W.2d at 509.

Appellant contends that the "should have anticipated" argument was the only viable defense available to appellant. As such, according to appellant, there was no sound strategy for not presenting this argument to the jury. Appellant points to the State's voir dire as evidencing that the State's trial counsel believed that the "should have anticipated" element is a given whenever a gun is taken to an aggravated robbery, and appellant's counsel failed to correct this impression. However, even assuming that the record of voir dire would allow us to conclude that this is State's counsel's belief, appellant fails to cite any authority establishing that such a belief is incorrect. While the hypotheticals presented by the State in voir dire might have been on the outer edge of what could constitute what a party defendant "should have anticipated," there can be little dispute that, in the present case, there was sufficient evidence to have allowed the jury to rationally conclude that appellant should have anticipated the murder during the commission of the aggravated robbery. As mentioned before, there is evidence that appellant knew that the others had guns and that he himself possessed a gun during the aggravated robbery. We believe that appellant should have anticipated that a murder could occur during the commission of aggravated robbery when he and the other parties to the robbery were armed with guns. For this reason, even were we to

---

[4] Because trial counsel were not given the opportunity to explain their trial strategy in the record, we review counsels' performance to determine whether any reasonably sound strategic purpose can be imagined that would justify their actions. *See Lopez*, 343 S.W.3d at 143.

10

conclude that trial counsels' failure to argue the "should have anticipated" defense fell below the standard of professional norms, we cannot say that trial counsels' failure to present this argument undermined confidence in the outcome of the trial and prevented appellant from receiving a fair trial. *See Strickland*, 466 U.S. at 694.

Because appellant has failed to establish that trial counsels' representation fell below an objective standard of reasonableness, or that any deficiency in the performance caused him prejudice, we overrule appellant's second issue. *See Lopez*, 343 S.W.3d at 142.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.