**Leon Rutherford KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62781.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1980.

Rehearing Denied March 12, 1980.

Wesley M. Hocker, Houston (Court appointed), Ken J. McLean, Houston (Court appointed), for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and Andy M. Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This appeal follows conviction for the offense of capital murder pursuant to V.T. C.A. Penal Code, § 19.03(a)(2).[1] The jury returned an affirmative finding to each of the special issues submitted under Article 37.071(b), V.A.C.C.P., and appellant's punishment was accordingly assessed at death. Article 37.071(e), supra.

The sufficiency of the evidence is not challenged.

---

1. Section 19.03 provides in pertinent part:

    (a) A person commits an offense if he [knowingly and intentionally causes the death of an individual] under Section 19.02(a)(1) of this code and;

    (2) the person intentionally commits the murder in the course of committing or at-

tempting to commit *kidnapping,* burglary, *robbery, aggravated rape,* or arson; . . . [All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.]

Appellant's initial complaint is to the trial court's failure to quash the indictment returned against him which, omitting the formal portions, alleged:

[Appellant] . . . did then and there unlawfully while in the course of committing and attempting to commit kidnapping, aggravated rape and robbery, intentionally cause the death of Michael Clayton Underwood, hereafter styled the Complainant, by hitting, striking and beating the Complainant with a firearm.

And . . . [appellant] . . . did then and there intentionally and knowingly cause the death of Michael Clayton Underwood, hereafter styled the Complainant, by hitting, striking and beating the Complainant with a firearm.

By timely written motion to quash the indictment, appellant apprised the trial court that "the indictment fails to allege the complainant in the following: kidnapping, aggravated rape and robbery. The indictment does not have to allege all the essential elements of robbery, kidnapping, or rape, but it does have to allege the party to whom the harm was intended or it fails to give the defendant notice of how to defend : . . against such an ambiguous assertion." The trial court summarily overruled appellant's motion to quash.

This complaint, having been properly asserted, calls into question the adequacy of the constitutional requisite of notice to the accused of the facts constituting the charge against him;[2] consequently, the issue raised requires our consideration of it from his perspective. *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr.App.1979). See generally *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977).

In *Granviel v. State,* 552 S.W.2d 107 (Tex. Cr.App.1976), this Court determined that the trial court did not err in refusing to quash the indictment charging capital murder during the commission or attempted commission of aggravated rape, for its failure to allege the name of the intended victim of the aggravated rape. However, the trial court's ruling was not erroneous, because the motion to quash was not timely filed. In *Goss v. State,* 580 S.W.2d 587 (Tex.Cr.App.1979), it was held that an indictment for aggravated rape should allege the person to whom the threat of imminent infliction of death[3] was directed, and that failure to grant a timely filed motion to quash aimed at such insufficiency constituted error.[4]

It is clear that when criminal conduct, constituting an aggravated feature of an offense may be directed at a person other than the ultimate victim of the crime alleged, the specification of that person is a fact to which the accused is entitled should he request it by timely filed written motion to quash. Cf. *Granviel v. State,* supra; *Goss v. State,* supra; see also *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr.App.1975).

The State argues that because we have held that it is unnecessary to allege the elements of the aggravating offense committed or attempted during the course of which the capital murder occurs, it follows that it is unnecessary to name the intended victim thereof, citing *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr.App.1979) and *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App. 1976). It is true that these cases stand for the proposition that allegation of the constituent elements of the offense constituting the aggravating feature of a capital

---

**2.** Article 1, Section 10 of the Texas Constitution provides in part:

In all criminal prosecutions the accused . . shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof.

See also Articles 1.05 and 21.11 V.A.C.C.P.

**3.** Section 21.03(a)(2), V.T.C.A. Penal Code provides in part:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this

code or rape of a child as defined in Section 21.09 of this code and he:
(2) compels submission to the rape by *threat of death* . . . *to be imminently inflicted on anyone.*

**4.** Because Goss was convicted of the lesser included offense of rape and the trial court's error regarded an aspect of the aggravating feature, this Court determined the error was harmless to that appellant.

murder charge is unnecessary; however, the name of the person at whom the aggravating conduct is directed is not an essential element in such a context,[5] but rather, a *fact* which is crucial to the accused's preparation of his defense to the main charge of capital murder.

In the instant case, the testimony of Kelly Brei reflects that she and Michael Underwood, the deceased, left a nightclub at 11:30 p. m. on April 10, 1978, and as they approached their car, a pickup truck drove up. Appellant and Alan Carter, the occupants, forced Brei and Underwood into their pickup by use of a shotgun. After driving around threatening the victims with murder and rape, appellant and Carter stopped and directed Underwood to get out and lie on his stomach. With the shotgun, appellant hit Underwood in the head several times, then took money and a lighter from his body. Leaving the deceased, appellant and Carter drove Brei around a short while then stopped and took turns raping and sodomizing her. They eventually went to another place where the sexual assaults continued. Appellant and Carter both perused Brei's purse, taking a lipstick, watch, lighter and some earrings.

The State's brief asserts that "the indictment could be understood to read that the deceased, Michael Clayton Underwood, was [not only the murder victim, but] also the victim of the kidnapping and robbery. Such an allegation would find evidentiary support in the testimony of Kelly Brei."

While this argument might be well taken had the State alleged *only* kidnapping and robbery as the aggravating offenses committed or attempted during which the murder occurred, such was not the case; Article 21.03, V.A.C.C.P., directs:

Everything should be stated in an indictment which is necessary to be proved.

By virtue of the State's *additional* allegation of aggravated rape, it was necessary that evidence of an attempted commission or commission of that conduct be presented by the State in order to meet its burden of proof. Indeed, such evidence was in fact adduced at trial through the testimony of the aggravated rape victim. As such, the name of the aggravated rape victim was clearly a fact which was critical to appellant's defense preparation, and he was entitled to the benefit of that fact upon his timely request therefor. See *Cruise,* supra. Furthermore, the allegation of such fact was required to precisely distinguish the conduct alleged from other conduct by the accused, and thereby insure a bar to a subsequent prosecution for the same offense. Article 21.04, V.A.C.C.P.

We hold that appellant's motion to quash in the instant case entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged.[6] *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). This being the case, the trial court committed reversible error in refusing to order the State to disclose the requested fact to appellant.

For the trial court's error in this respect, the judgment of conviction is reversed, and the cause is remanded.

DOUGLAS, Judge, dissenting.

The majority reverses this case because the indictment failed to allege the complainant in the underlying crimes of kidnapping, aggravated rape and robbery.

This Court has long held that an indictment for capital murder need not allege the

---

5. See *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978); *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App.1977).

6. At minimum, appellant was entitled to the following factual allegations:

Leon Rutherford King . . . did then and there while in the course of committing and attempting to commit the kidnapping and robbery of Michael Clayton Underwood and Kelly Brei, and while in the course of committing and attempting to commit the aggravated rape of Kelly Brei, the said Leon Rutherford King did then and there intentionally cause the death of Michael Clayton Underwood, hereinafter styled the Complainant, by hitting, striking and beating the Complainant with a firearm, . . . .

constituent elements of the underlying crime. *Burns v. State,* 556 S.W.2d 270 (Tex.Cr.App.1972); *Livingston v. State,* 542 S.W.2d 655 (Tex.Cr.App.1976). In *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr.App. 1979), we followed that rule even though there was a motion to quash the indictment. The majority's opinion today does not follow this long-standing rule.

Capital murder is not the only crime where we have held such a particularized indictment to be unnecessary. In *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr.App.1976), the defendant was charged with burglary with the intent to commit injury to a child. The failure to allege the child's name did not render the indictment fatally defective.

In *Earl v. State,* 514 S.W.2d 273 (Tex.Cr. App.1974), the defendant was charged with aggravated robbery and contended on appeal that the indictment should have alleged the constituent elements of theft. As with the capital murder statute, V.T.C.A., Penal Code, Section 19.03, the infliction or threat of serious bodily injury must occur "in the course of committing theft." V.T. C.A., Penal Code, Section 29.02. Because the language "in the course of" includes conduct occurring in an attempt to commit, during the commission, or in immediate flight after the attempt of the commission, the actual commission of the theft is not a prerequisite to the commission of the robbery. All that need be proven is that the theft occurred during the course of a robbery. We have adhered to that principle in assault cases as well. See *Gonzales v. State,* 517 S.W.2d 785 (Tex.Cr.App.1975), and cases cited therein.

We should continue to follow the rule which is based on sound reasoning.

The judgment should be affirmed.

W. C. DAVIS, J., joins in this dissent.