McConnico, Gregg & Jones, Dick H. Gregg, Jr., Houston, for petitioner.

Sears & Burns, Robert L. Burns, Houston, for respondent.

L. Aron Pena and William J. Quackenbush, Edinburg, for appellant.

Robert J. Salinas, Dist. Atty., pro tem. and E. Daniel Ramirez, Jr., and Theodore C. Hake, Asst. Dist. Attys., pro tem., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

**Reyes SILGUERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65026.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1980.

Rehearing Denied Dec. 17, 1980.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for capital murder. The court submitted and the jury answered "yes" to the first two special issues under Art. 37.071(b). The punishment was assessed at death.

Appellant was convicted of having kidnapped, raped and murdered Rosa Sierra in Mercedes on August 17, 1978. The court charged the jury on the law of circumstantial evidence. Appellant presented an alibi defense.

In his thirteenth ground of error, appellant contends that the trial court erred in failing to grant his motion to quash the indictment. Among other things, the motion alleges that the indictment is deficient because it "fails to allege the name of the person who is the alleged subject of the attempt to commit rape."

The indictment in the instant case alleges that on August 17, 1978, appellant did:

"intentionally and knowingly cause the death of Rosa Maria Sierra by strangling, and by striking her with his fists, and by striking her with a blunt instrument, and by other manner and means to the Grand Jury unknown; and the said REYES SILGUERO did then and there so cause the death of the said Rosa Maria Sierra in the course of committing and attempting to commit kidnapping, and in the course of committing and attempting to commit burglary, and in the course of committing and attempting to commit aggravated rape;"

This Court recently addressed a similar contention in *King v. State*, 594 S.W.2d 425. In that case, the indictment alleged a murder during the course of a kidnapping, aggravated rape and robbery. The defendant filed a motion to quash the indictment on the basis that it failed to allege the name of the intended victim of the kidnapping, aggravated rape and robbery. It was found by this Court that the trial court erred in overruling the motion to quash. We held:

"It is clear that when criminal conduct, constituting an aggravated feature of an offense may be directed at a person other than the ultimate victim of the crime alleged, the specification of that person is a fact to which the accused is entitled should he request it by timely filed written motion to quash. Cf. *Granviel v. State*, [552 S.W.2d 107 (Tex.Cr.App.)] supra; *Goss v. State*, [580 S.W.2d 587 (Tex. Cr.App.)] supra; see also *Vaughn v. State*, 530 S.W.2d 558 (Tex.Cr.App.1975). " . . .

"We hold that appellant's motion to quash in the instant case entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). This being the case, the trial court committed reversible error in refusing to or-

der the State to disclose the requested fact to appellant."

Likewise, in *Brasfield v. State*, Tex.Cr. App., 600 S.W.2d 288, we found a capital murder indictment subject to a motion to quash. The indictment in that case, alleged a murder during the course of a kidnapping, but did not state the name of the alleged kidnap victim. Also see, *Evans v. State*, Tex.Cr.App., 601 S.W.2d 943 (1980).

The State maintains that appellant has failed to preserve this error for review. In its brief, the State contends "the record fails to show that this motion (to quash) was ever called to [the] attention of the trial court or what action, if any, the trial court took, . . ." We note that the State's contention is not supported by the record.

Appellant's motion to quash the indictment was filed on October 16, 1978.[1] The same day, a jury found appellant competent to stand trial. The record reflects that the following transpired after the competency jury was excused:

"MR. PENA (defense counsel): Before trial, we are filing our motion to quash the indictment in matters of substance and form.

"THE COURT: Denied."

Appellant announced ready and trial on the merits commenced on October 24, 1979.

We hold that the trial court erred in failing to grant appellant's motion to quash the indictment. As in *King*, we find that appellant's motion to quash in the instant case entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged.

The judgment is reversed and the indictment is ordered dismissed.

DOUGLAS, Judge, dissenting.

The indictment should not be set aside. It gives sufficient notice that appellant killed Rosa Maria Sierra while attempting,

---

1. The record reflects that there was only one motion to quash the indictment filed by appel-

lant in the instant case.

among other things, to commit aggravated rape. It should not be set aside because of and for the reasons set out in the dissenting opinions by this writer in *King v. State*, 594 S.W.2d 425 (Tex.Cr.App.1980), and in *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App. 1980), on motion for rehearing.