Bruce Lee CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-81-048-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1982.

Discretionary Review Refused
July 7, 1982.

George F. Luquette, Houston, for appellant.

Joan Fisher, Asst. Dist. Atty., John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a conviction of capital murder wherein punishment was assessed at life imprisonment in the Texas Department of Corrections. Tex.Penal Code Ann. § 19.03 (Vernon 1974). Appellant now raises four grounds of error, two of which we find compelling. We hold a fundamental variance existed between the indictment and the charge to the jury which allowed the jury to find appellant guilty of an offense not alleged in the indictment. We therefore reverse the judgment of the trial court.

This is the second time an aspect of this case has been before this court. In *B. L. C. v. State*, 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.), this court found no error in the order of the juvenile court waiving exclusive jurisdiction and transferring the case to the District Court for criminal proceedings. It is the appeal from the finalized judgment of those criminal proceedings that we are now considering.

On November 26, 1975, the partially nude body of eight-year-old Theresa Louise Pierce was found in the woods behind the apartment complex where both the girl's family and appellant lived. It was determined, after an autopsy by the Harris County Medical Examiner, that the girl had been forcibly raped immediately prior to the strangulation which caused her death. A number of neighborhood boys were questioned by the sheriff's department, including appellant, who was one of the last persons to be seen with the girl while she was alive. Appellant was taken to the sheriff's office the following day, and after questioning by sheriff's officers made a statement incriminating himself. Appellant was immediately taken before a magistrate and

given his *Miranda*[1] warnings. After further questioning by the officers appellant gave a written statement. He was once again taken before the magistrate where he was informed of the possibility of his trial as an adult, as required by Section 51.09 of the Texas Family Code, and he signed the statement.

The state filed a motion in juvenile court requesting the court to waive jurisdiction over appellant and to certify him an adult so as to transfer the proceedings to criminal district court, pursuant to § 54.02 of the Texas Family Code. After a three day hearing, appellant was certified and ordered transferred to the District Court for trial. The judgment of the juvenile court ordering the transfer was affirmed by this court on October 21, 1976. *B. L. C. v. State, supra.* Trial was had for capital murder between November 22–30, 1976, where appellant was found guilty. Having concluded that appellant was sixteen (16) years old at the time of the offense, the trial court assessed appellant's punishment at confinement for life at the Texas Department of Corrections.

Appellant argues the trial court committed reversible error by allowing him to be tried for an offense (capital murder) not alleged in the indictment. Specifically, appellant maintains the indictment under which he was found guilty is fundamentally defective because it fails to allege the murder of the girl occurred in the course of committing *aggravated* rape. The operative portion of the indictment in question states in pertinent part:

> ... that Bruce Lee Crawford, on or about November 25, 1975, ... did unlawfully, intentionally and knowingly cause the death of Theresa Louise Pierce by choking and strangling her with his hands and arms and that the said Bruce Lee Crawford was then and there in the course of committing and attempting to commit rape.

The Penal Code, reading §§ 19.02 and 19.03 in conjunction with each other, provides a person commits the offense of capital murder if he (1) intentionally or knowingly causes the death of an individual, and (2) such murder is intentionally committed "in the course of committing or attempting to commit kidnapping, burglary, robbery, *aggravated rape,* or arson ..." § 19.03(a)(2), Tex.Penal Code Ann. (Vernon 1974) (emphasis supplied). The jury, however, was charged with the offense of capital murder enhanced by aggravated rape, and returned a guilty verdict of capital murder.

It is clear the Penal Code has set out a "laundry list" of acts which will elevate murder to capital murder. "Aggravated rape" is one of those five enhancing offenses found under § 19.03(a)(2). It is also clear that the above quoted indictment does not allege the murder of Theresa Louise Pierce was committed in the course of committing or attempting to commit "aggravated" rape. The indictment only alleges the offense of rape, a separate and distinct offense from aggravated rape, but not included in the laundry list of § 19.03(a)(2). Compare Tex.Penal Code Ann., § 21.02 with § 21.03. The indictment, therefore, fails to allege a capital murder offense, and appellant's conviction for such cannot stand.

We see the instant case as falling within a line of authority by the Court of Criminal Appeals, represented by *Ross v. State,* 487 S.W.2d 744 (Tex.Cr.App.1972), which has held fundamental error exists when a jury charge authorizes a conviction for an offense not found in the indictment.

> The charge erroneously authorized the appellant's conviction under a theory not charged in the indictment. (citation omitted) ... Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. See Article 36.-19, Vernon's Ann.C.C.P....

*Id.* at 745.

The case of *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977), involved a situation where the defendant was indicted for robbery while the jury was charged to both robbery and aggravated robbery. The

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Court of Criminal Appeals held that while the charge authorized a conviction upon a theory found in the indictment, it also authorized a conviction on a theory not alleged. This error amounted to fundamental error and required a reversal of that conviction. *Id.* at 375; See: *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Cr.App. 1979).

The state argues this is not a situation involving fundamental error because the error was not of the magnitude "calculated to injure the rights of the appellant to the extent that he has not had a fair trial." *Ross v. State, supra; Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974). The state maintains an indictment that fails to track statutory language is not fundamentally defective if the language alleges the correct offense in words not materially different from those used in the Penal Code. Tex. Code Crim.Pro.Ann. art. 21.17 (Vernon 1965). In this case, the indictment alleged appellant caused the death of Theresa Louise Pierce "by choking and strangling her with his hands and arms . . ." A person commits aggravated rape under Sec. 21.03(a) if, in the act of rape, he "causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode." Since the indictment already included "aggravating" language (choking and strangling), the state argues it contained the necessary elements to constitute aggravated rape, and, as a result, charge the offense of capital murder. Therefore, the state asserts the use of the word "aggravated" was unnecessary to give appellant notice of the offense charged and that no fundamental error exists.

We disagree. Section 19.03 specifically requires the offense of *aggravated* rape. The state cannot "piggy-back" the aggravating nature of the murder onto the enhancement portion of § 19.03. The state's argument would be attractive if only one scenario could be read out of the indictment: that the victim of the murder and the rape were the same person. But since the indictment could be read to include a situation where the appellant murdered a passer-by (Theresa Louise Pierce) who dis-

covered him committing rape on another, any "aggravating" element in the murder cannot be attached to the rape.

Our holding finds support in *King v. State,* 594 S.W.2d 425 (Tex.Cr.App.1980). There, the Court of Criminal Appeals stated:

It is clear that when criminal conduct, constituting an aggravated feature of an offense may be directed at a person other than the ultimate victim of the crime alleged, the specification of that person is a fact to which the accused is entitled should he request it by (a) timely filed written motion to quash.

*Id.* at 426. See also: *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980), where the Court reversed a conviction for capital murder because the indictment was "susceptible of an interpretation that the victim of the alleged kidnapping was a person other than the named deceased." *Id.* at 294.

This case could be reversed solely on the authority of *King* and *Brasfield.* Appellant filed a timely motion to quash the indictment after the selection of the jury but prior to the swearing in of the panel and the commencement of the trial. In his motion, appellant brought to the court's attention the same defect in the indictment he now raises on appeal. This motion, however, was overruled by the trial court. Therefore, under the authority of *King* and *Brasfield,* the judgment would amount to reversible error if fundamental error did not exist. We see the error in this case as fundamental, however, and are reversing the judgment on that ground.

This court wishes to make it clear it reverses this case only after much consternation. We see this crime as hideous and morally reprehensible. The life of a little girl was snatched from her family and friends in a most gruesome way that finds no acceptance under the laws of our society. Those same laws, however, require that criminal trials be conducted in a manner so as to not injure the rights of a defendant or deny him a fair trial. Notions of due process and equal justice under law afford protections to even the most undeserving of

our society. Appellant was convicted of a crime for which he was not charged, and was therefore denied a fair trial. Such constitutes fundamental error and we must reverse.

Our holding is also not to be read as requiring the inclusion of the name of a victim in the enhancing portion of a capital murder indictment. We are only holding that the state's "piggy-backing" argument (that the aggravating nature of the murder was sufficient to constitute aggravated rape for the purposes of § 19.03) does not satisfy the Penal Code nor stand under the weight of the authority of *King* and *Brasfield*. If Theresa Louise Pierce's name had been included a second time at the end of the indictment, it would have been obvious the rape was of an aggravated nature. Of course, a close tracking of § 19.03 by including the word "aggravated" is always the better method for insuring a correct indictment. Since, however, the indictment does not plead a capital offense by including the word "aggravated" or including the name of the victim in the enhancing portion, we cannot affirm the judgment of the trial court. Because appellant was convicted of an offense not alleged in the indictment we must reverse the judgment below. *Ross v. State, supra.*

Judgment reversed.

MORSE, Justice, concurring.

Since the indictment charged appellant with "intentionally and knowingly causing the death of Theresa Louise Pierce *by choking and strangling her with his hands and arms ... in the course of committing and attempting to commit rape,*" it does not appear that any scenario could be read out of the indictment involving a passerby or other than that serious bodily injury (to the victim, as already alleged) was caused in the course of the same criminal episode (as the rape of "the victim, or another"—as constitutes aggravated rape under Tex.Penal Code Ann. Sec. 21.03(a)(1)). However, since we are compelled by the holdings in *King v. State*, 594 S.W.2d 425 (Tex.Cr.App. 1980) and *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980), to reverse and remand this case for reversible error in overruling

the motion to quash the indictment, because it was susceptible of an interpretation that the [unnamed] victim of the alleged [aggravated] rape was a person other than the named deceased, there is no need to decide whether the error was fundamental. Based on *King* and *Brasfield*, I concur in the necessary reversal without holding there was fundamental error in the indictment or charge.