PD-0545-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/18/2015 4:59:56 PM
Accepted 6/19/2015 8:56:49 AM
ABEL ACOSTA
CLERK

## NO. PD-00545-14

## IN THE TEXAS COURT
## OF CRIMINAL APPEALS

### EX PARTE
### THOMAS EDWARD CASTILLO

**From The Court of Appeals
For The Fourth Court of Appeals District of Texas
No. 04-13-00615-CR
And The 227th District Court of Bexar County
No. 2010-CR-11317**

### APPELLANT'S MOTION FOR REHEARING

**MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, Texas  78205
(210) 226-1433
State Bar No. 19184200
mark@markstevenslaw.com**

**MARIO DEL PRADO
222 Main Plaza
San Antonio, Texas 78205
(210) 698-3533 office
(210) 698-3701 fax
State Bar No. 05653600
mario@delpradolaw.com**

**Attorneys for Appellant**

# TABLE OF CONTENTS

I.      These two offenses are factually the same . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      State action has made it impossible to identify the "victims." . . 2

                1.      The vaguely worded capital murder indictment is, at best, inconclusive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

                2.      The state refused to clarify its vague indictment . . . . . . . 5

                3.      The state opposed consolidation . . . . . . . . . . . . . . . . . . . . 7

                4.      The state chose to focus this capital case on the alleged assault against Sanchez, over Mr. Castillo's objections that this was irrelevant extraneous misconduct . . . . . . . . . . . . . 8

                5.      Both prosecutors chose to argue that Ms. Sanchez was the victim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        B.      Having strategically avoided every opportunity to make it perfectly clear that its case had only one victim, the state may not now profit from any resulting uncertainty . . . . . . . . . . . . . . . . . . 11

II.     If A is a lesser of B, and B is a lesser of C, then A is a lesser of C . . . . 13

III.    This Court did not consider *Ex parte Nielsen* . . . . . . . . . . . . . . . . . . . . 14

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

i

# INDEX OF AUTHORITIES

| *Cases* | *Pages* |
|---|---|

*Brown v. Ohio,* 432 U.S. 166
(1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ex parte Castillo,* 432 S.W. 3d 467
(Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,13

*Ex parte Chaddock,* 369 S.W. 3d 880
(Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ex parte Goodbread,* 967 S.W. 2d 859
(Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,12

*Ex parte Nielson* , 131 U.S. 176
(1889) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15,16

*Ex parte Pruitt,* 233 S.W. 3d 338
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,12

*Garfias v. State,* 424 S.W. 3d 54
(Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harris v. Oklahoma,* 433 U.S. 682
(1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Nielsen*, 131 U.S. 176
(1889) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*King v. State,* 594 S.W. 2d 425
(Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

*Littrell v. State,* 271 S.W. 3d 273
(Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Moore v. State,* 969 S.W. 2d 4
(Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pinkerton v. State,* 660 S.W. 2d 58
  (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Silguero v. State*, 608 S.W. 2d 619
  (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*State v. Meru,* 414 S.W. 3d 159
  (Tex. Crim. App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stephens v. State,* 806 S.W. 2d 812
  (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Terry v. State,* 471 S.W.2d 848
  (Tex. Crim. App. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## *Rules:*

TEX. R. APP. PROC.79.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. PROC. 9.4(i)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. R. EVID. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. EVID. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. EVID. 404 (B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## *Statutes:*

TEX. CODE CRIM. PROC. Art. 21.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

TEX. CODE CRIM. PROC. Art. 21.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### *Constitutions:*

U.S. CONST., Amend V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
U.S. CONST., Amend XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

Thomas Castillo moves that rehearing be granted and, as required by TEX. R. APP. PROC. 79.1, he briefly and distinctly states the grounds and arguments relied on to support this motion.

## I.
## These two offenses are
## factually the same

This Court correctly held that Thomas Castillo may not be prosecuted for burglary, "because the burglary allegation is legally and factually the same as the capital-murder charge for which he was previously acquitted."[1] The Court also correctly held that the capital murder alleged in the one indictment is "*legally* the same" as the aggravated assault alleged in the other.[2] The Court erred, however, when it held that these two offenses are not *factually* the same because they "allege two different units of prosecution," and that Mr. Castillo was not in jeopardy of being convicted of aggravated assault in the capital murder trial.[3]

---

[1] *Ex parte Castillo*, 2015 WL 3486960 *4 (Tex. Crim. App. 2015).

[2] *Id*(emphasis supplied).

[3] *Id*. at *5(emphasis supplied).

1

**A.     State action has made it impossible to identify the "victims."**

Central to this Court's holding that the capital murder and the aggravated assault offenses were not factually the same was its conclusion that the victims were necessarily different:

> When the victims alleged in the capital-murder and aggravated- assault charges are compared, we conclude that they allege two different units of prosecution: Nava and Sanchez.
>
> Furthermore, Appellant was not in jeopardy of being convicted for committing aggravated assault against Sanchez during his capital-murder trial because the State did not have to prove that Appellant committed aggravated assault against Sanchez to establish capital murder. *There was no set of facts that the jury could have believed that required it to return a guilty verdict based on a belief that Appellant committed aggravated assault against Sanchez.* That is, if the jury convicted Appellant of capital murder, it must have also believed that Appellant committed aggravated assault against Nava.[4]

Contrary to what this Court held, it is impossible to know if the jury considered Mr. Nava or Ms. Sanchez when it was deciding whether Mr. Castillo was in fact guilty of aggravated assault against that person, then of burglarizing the Nava home, and then, finally, of capital murder of Mr. Nava.  This Court erred when it held that "[t]here was no set of facts that the jury could have believed that required it to return a guilty verdict based on a belief that Appellant committed aggravated assault against Sanchez."  Rather, from the totality of circumstances

---

[4]     *Id* (emphasis supplied).

2

surrounding the trial, a reasonable jury might well have believed that Mr. Castillo committed aggravated assault against his wife, and might have then used this finding to convict him of capital murder.  Because of this, the two offenses – capital murder and aggravated assault – were legally, factually, and constitutionally the same, and a successive trial is barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**1.	The vaguely worded capital murder indictment is, at best, inconclusive.**

The aggravated assault count alleges a single offense against one person — Carol Sanchez.  As alleged in that count, Sanchez is clearly the only victim; there is no possibility of confusion, given the wording of the indictment, and the crime alleged — aggravated assault.

The capital murder indictment, though, is different.  Mr. Nava is certainly identified as one victim, namely, the person alleged to have been murdered, and the one who owned the habitation that was burglarized.  It is not clear from the indictment that he was the only victim, however.  Because it is a compound crime, a single capital murder can have multiple victims.  *King v. State*, proves this.  King was charged with capital murder in the course of kidnapping, aggravated rape, and robbery, but the indictment named only the victim of the murder.  The trial court erred when it denied King's motion to quash that indictment because it did not also

3

allege the "name of the aggravated rape victim" since that was both a fact critical to King's preparation and "was required to *precisely* distinguish the conduct alleged from other conduct by the accused, and thereby insure a bar to a subsequent prosecution for the same offense."[5]

Mr. Castillo's indictment suffered from the same lack of precision, and, for the same reason, it also failed its constitutional and statutory duty to insure against subsequent prosecution for the same offense. The court's charge clearly demonstrates the problem: It authorized Mr. Castillo's conviction for capital murder upon a finding that he had entered a habitation and committed "aggravated assault." But aggravated assault was the only predicate offense to burglary that was submitted in the court's charge, and it was defined as using or exhibiting a deadly weapon to "cause[ ] bodily injury to *another*."[6] Was "another," Mr. Nava, or Ms. Sanchez? The charge, of course, was based on the indictment, and because the indictment failed to identify the victim of the alleged assault, so did the charge, hence the indefinite, "another." That is, because of the vagueness of the state's indictment, it is impossible to know who the jury might have considered as the

---

[5]    594 S.W.2d 425, 427 (Tex. Crim. App. 1980)(emphasis supplied).

[6]    A certified copy of the court's charge to the jury was introduced at the writ hearing as Defendant's Exhibit H. The definition of "aggravated assault" is on page 2 of that exhibit.

4

putative assault victim when deliberating Mr. Castillo's guilt of capital murder.

Contrary to what this Court found, then, it is not true that "if the jury convicted

Appellant of capital murder, it must have also believed that Appellant committed

aggravated assault against Nava."[7]  According to the plain wording of the charge,

and the evidence at trial, the jury could also have convicted if it believed, among

other things, that Mr. Castillo  committed aggravated assault against Sanchez.  That

is why the two offenses are factually the same and why a successive prosecution for

aggravated assault now, after the acquittal for capital murder, is barred by the

Double Jeopardy Clause.

## 2.    The state refused to clarify its vague indictment.

Defendant's Motion To Set Aside The Indictment Number One asserted,

among other things, that the capital murder indictment should be set aside because it

failed to allege "the particular type of burglary, the specific acts defendant allegedly

committed, or the constituent elements of burglary."[8]  At the hearing, the defense

argued that the indictment should have to "specify the particular type of burglary"

charged.[9]  The court asked the prosecutor if she objected, she did, and the motion

---

[7]    *Id*(emphasis supplied).

[8]    [Defendant's Exibit C]

[9]    [RR.I–5]

was overruled.[10]

Our motion cited article 21.04 of the Texas Code of Criminal Procedure which mandates that indictments be certain enough "as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.[11] Although it is generally true that a capital indictment need not allege the constituent elements of the predicate offense, *King* and similar cases require precision when the indictment "is susceptible of an interpretation that the victim was a person other than the named deceased."[12] Certainly the indictment in our case, where the state offered proof that two different people suffered assaultive conduct, was susceptible of the same interpretations as in *King*.

In *State v. Meru*, the question was whether criminal trespass was a lesser included offense of the burglary the defendant had been indicted for. This Court

---

[10] [RR.I–14]

[11] TEX. CODE CRIM. PROC. art. 21.04; *see also Terry v. State*, 471 S.W.2d 848, 851 (Tex. Crim. App. 1971); *see also* TEX. CODE CRIM. PROC. art. 21.11 (indictment must be sufficient to "enable the court, on conviction, to pronounce the proper judgment").

[12] *Pinkerton v. State*, 660 S.W.2d 58, 63 (Tex. Crim. App. 1983)(no error where indictment for capital murder during the course of burglary was not "susceptible of an interpretation that the intended victim of the intended rape was anyone other than the deceased"); *see also Silguero v. State*, 608 S.W.2d 619, 620 (Tex. Crim. App. 1980).

6

held it was not because the elements of the lesser could not reasonably be deduced from the greater indictment.[13] That said, the Court made it clear the defendant would not be without remedy:

> However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.[14]

That, of course, is precisely what Mr. Castillo attempted to do with his motion to set aside. In our case, though, because the state objected, and the trial court acceded, no one was "force[d] . . . to refile the indictment" specifying the name of the complainant. Having resisted the opportunity to clarify more precisely what kind of burglary and assault it intended to prove, the state in this Court invoked its vague pleading as justification for trying Mr. Castillo again. But the state should not be rewarded for imprecision, especially in light of the express mandate of article 21.04, and the cases that interpret it.

**3.      The state opposed consolidation.**

Before trial began, Mr. Castillo moved to consolidate trial on the two

---

[13]      414 S.W.3d 159, 164 (Tex. Crim. App. 2013).

[14]      *Id.* at 164 n. 3.

7

indictments, contending that consolidation made "perfect sense;" that all transactions allegedly occurred at the same time; that they were "inextricably intertwined;" that much if not all the evidence would be duplicative; that consolidation would promote judicial economy; and that it was required by Due Process and Due Course of Law. The state opposed consolidation and the court refused to order it. Counsel's warning that a subsequent trial might pose a jeopardy problem failed to change the ruling.[15]

**4.      The state chose to focus this capital case on the alleged assault against Sanchez, over Mr. Castillo's objections that this was irrelevant extraneous misconduct.**

Before trial began, Mr. Castillo objected extensively to proof regarding the alleged assault on Ms. Sanchez as extraneous misconduct, inadmissible under Texas Rules of Evidence 401, 402, 403, and 404(b).[16] The state insisted on its right to present that evidence because the different allegations were "the same criminal transaction."[17]

Ms. Sanchez was the state's first and principal witness in the capital murder

---

[15]      [Defendant's Exhibit D, II–18-20]

[16]      [Defendant's Exhibit E][Defendant's Objections to Evidence Pursuant To Rule 103(a)(1)].

[17]      [Defendant's Exhibit D, III--7-8]

case, and she testified that Mr. Castillo punched her several times, stabbed her 11 times with multiple knives, fractured her arm, bit her finger and blackened her eye, and that she spent a week in the hospital where she received a colonoscopy.[18] The state also called a deputy who arrived on the scene and testified about the blood from Ms. Sanchez's injuries, and a paramedic who testified to the number and type of stab wounds she had, and the treatment he provided her.[19] Twenty photographs of her injuries, taken some four days after the incident, were introduced into evidence.[20] The state offered, and the court admitted, seventy-six pages of medical records from Brooke Army Medical Center concerning Ms. Sanchez's treatment.[21]

Plainly the state strategically chose to make the capital prosecution as much – if not more – about Sanchez than Nava. In light of this evidentiary emphasis, it is reasonable that the jury that was tasked with determining capital murder likely did consider whether Carol Sanchez was the victim of aggravated assault. This Court

---

[18]     [Defendant's Exhibit D, III–89-95]

[19]     [Defendant's Exhibit D, IV–30-31]

[20]     [Defendant's Exhibit D, IV–90]  Those photographs were introduced as state's exhibits 97 - 116, and can be found in Volume Seven of Defendant's Exhibit D.

[21]     [Defendant's Exhibit D, V–73]; State's Exhibit 236.

erred when it found otherwise.[22]

**5.     Both prosecutors chose to argue that Ms. Sanchez was the victim.**

As noted, aggravated assault was the only felony identified in the court's charge as a predicate to the underlying burglary. The jury heard evidence that Mr. Nava was murdered, and that Ms. Sanchez was assaulted. So who did the jury most likely look to as the alleged assault victim? Both prosecutors argued their case in such a way as to suggest that their assault victim was Carol Sanchez.

Prosecutor Spiegel made this point in her summation: "If you enter somebody's house with the intent to attack them with a deadly weapon, to harm *someone* inside the house, that's still a burglary even though it doesn't involve theft, so I hope that's clear to everybody."[23]

Prosecutor Molina was more explicit: "well, you can't kill the new boyfriend and *you can't assault your estranged wife with a knife*. You just can't do that. The

---

[22]     The state's argument that an appellate court may not consider trial evidence when determining a jeopardy challenge is clearly erroneous. *See e.g., Garfias v. State*, 424 S.W. 3d 54-56 (Tex. Crim. App. 2014)(this Court expressly relied on facts to decide jeopardy issue); *Ex parte Pruitt*, 233 S.W. 3d 338, 339-45 (Tex. Crim. App. 2007)(same); *Ex parte Goodbread*, 967 S.W. 2d 859, 860-61 (Tex. Crim. App. 1998)(same). Indeed, as Judge Cochran observed in her concurring opinion in *Garfias*: ". *Here, it all depends on the trial record which, according to the State's theory at trial and on appeal, shows two separate and distinct incidents . . . .*")(emphasis supplied).

[23]     [Defendant's Exhibit D, VI--25][emphasis supplied]

10

law says you can't. And there is no question. There was no question. There is no question *for Carol* about what happened that night, and there is no question for Roy about what happened last night -- that night, because what happened was capital murder, and it is for the worst of the worst, because that's what happened and that's what he did, and that is why we believe that there is no question and that you will find Thomas Castillo guilty of capital murder."[24]

**B.    Having strategically avoided every opportunity to make it perfectly clear that its case had only one victim, the state may not now profit from any resulting uncertainty.**

As shown, when the entire record is examined, it is more likely that, when the jury was deciding whether Mr. Castillo committed the capital murder of Mr. Nava, it necessarily considered whether he had committed the aggravated assault of Ms. Sanchez.  Therefore, contrary to what this Court held, these two offenses are both legally and factually the same, and double jeopardy bars prosecution of the latter after an acquittal of the former.

But even if it could be said that there is now some uncertainty about which of the two persons the jury more likely viewed as the victim of aggravated assault, that uncertainty must be laid entirely at the feet of the state.  The state chose not to specify the victims in the indictment, then refused an invitation to clarify the

_____

[24]    [Defendant's Exhibit D, VI--60-61][emphasis supplied]

11

indictment when confronted with a motion to set aside. The state declined an offer

to consolidate the two indictments, which would have avoided the very double

jeopardy challenge to successive prosecutions that we now assert. When the defense

objected that evidence about Sanchez was extraneous, the prosecutors disagreed,

then responded by focusing more on her assault than the murder of Mr. Nava. And,

after the jury had been instructed it could find the underlying burglary if it believed

"another" unnamed person had been assaulted, the prosecutors argued in such a way

as to suggest that this person could be Ms. Sanchez. Having stubbornly insisted on

trying its case in a way that obscured the identity of its victim, undoubtedly for some

perceived strategic advantage, the state should not now be permitted to claim that

Nava was the only victim here, thereby avoiding the preclusive effect of double

jeopardy.[25] Rehearing should be granted because, contrary to this Court's holding,

aggravated assault and capital murder are factually the same.

---

[25]     *Cf. Ex parte Goodbread*, 967 S.W. 2d 859, 860 (Tex. Crim. App. 1998)("if evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction [or acquittal] is good upon a prosecution based upon one of said offenses, *it being uncertain for which one the conviction [or acquittal] was had*")(emphasis supplied)(*quoted in Ex parte Pruitt*, 233 S.W.3d 338, 347 (Tex. Crim. App. 2007)).

## II.
## If A is a lesser of B, and B is a lesser of C,
## then A is a lesser of C

This Court correctly held that the burglary charge is a lesser included offense of the capital murder of which Mr. Castillo was acquitted.[26] The aggravated assault against Ms. Sanchez that is alleged in the first count of the indictment is a lesser included offense of the burglary that is alleged in the second count, since that very aggravated assault is expressly alleged as a predicate of the burglary.[27] Since the burglary alleged in the second count is a lesser included offense of the capital murder, and the aggravated assault is a lesser included offense of the burglary, the aggravated assault is also a lesser included offense of the capital murder.[28] These

---

[26]    *Ex parte Castillo*, 2015 WL 3486960 at *3.

[27]    *Ex parte Chaddock*, 369 S.W.3d 880, 886 (Tex. Crim. App. 2012)(prior prosecution for a greater offense would prevent the state from later prosecuting a lesser-included predicate offense); *see also Harris v. Oklahoma*, 433 U.S. 682, 682 (1977)("When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one.").

[28]    *Cf. Littrell v. State*, 271 S.W.3d 273, 277 n.18 (Tex. Crim. App. 2008)(because attempted aggravated robbery is a lesser included offense of aggravated robbery, and aggravated robbery is a lesser included offense of felony murder, attempted aggravated robbery is a lesser included offense of felony murder); *Moore v. State*, 969 S.W. 2d 4, 9 (Tex. Crim. App. 1998)(where voluntary manslaughter is a lesser included offense of murder, and murder is a lesser of capital murder, then voluntary manslaughter is a lesser included offense

13

two offenses are constitutionally the same, then, for double jeopardy purposes.

Rehearing should be granted because this Court erred in holding otherwise.[29]

### III.
### This Court did not consider
### *Ex parte Nielsen*

In *Brown v . Ohio*, after noting that "[t]he *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense," the Supreme Court referred to the test formulated in *Ex parte Nielsen*.[30] There, two indictments were presented against the defendant on the same day; one charged that he cohabitated with two different women, and the other that he had committed adultery with one of these same women when he was married to another.[31] He pled guilty to the first indictment (cohabitation), then asserted that the second indictment (adultery) was barred by double jeopardy because the two charged

---

of capital murder).

[29] *Brown v. Ohio*, 432 U.S. at 168 ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it.").

[30] *Brown v. Ohio*, 432 U.S. at 166 n. 6 (1977); *see also Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990)("the Court also reaffirmed the 'same incidents' test contained in *In re Nielsen*").

[31] 131 U.S. 176 (1889).

14

offenses were in fact one and the same.[32]  "Cohabitation" as charged in the first

indictment meant living together as husband and wife.  That, said the Court, is also

an "integral part" of adultery, which was charged in the second indictment.

> We are satisfied that a conviction was a good bar, and that the court was
> wrong in overruling it. We think so because the material part of the
> adultery charged was comprised within the unlawful cohabitation of
> which the petitioner was already convicted, and for which he had
> suffered punishment.[33]

Mr. Castillo also prevails under the *Nielsen* test.  As in *Nielsen*, the aggravated

assault charged in the second indictment is an "integral part" of the capital murder

charged in the first.  The prosecutors certainly said so before the capital trial began

when insisting on their right to prove in that trial the assault against Carol Sanchez.

It was "part of the State's case. . . . the same criminal transaction," they argued.  It

happened on the "same date . . . [and involved the] same criminal transaction, same

facts."  According to the prosecutors, everything allegedly done to her by Mr.

Castillo "was *done to her as part of the capital murder.*[34]  Later at trial, they spent a

considerable portion of their case proving this assault and the injuries Ms. Sanchez

---

[32]      *Id.* at 177.

[33]      *Id.* at 187.

[34]      [Defendant's Exhibit D, III–7-8][emphasis supplied]

15

suffered — through the lengthy and graphic testimony of Ms. Sanchez herself,[35] through other testimony,[36] and through the introduction of some twenty photographs and 76 pages of medical records.[37]  Just as in Nielsen, "the material part of the [aggravated assault] charged was comprised within the [capital murder] of which" Mr. Castillo has already been tried.  As in Nielsen, successive trials for the same offenses are barred by double jeopardy.  This motion for rehearing should be granted because the Court did not consider Mr. Castillo's argument under *Ex parte Nielsen*, even though that case also establishes that an effort by the state to prosecute him for aggravated assault following his acquittal for capital murder is jeopardy-barred.

**PRAYER**

Thomas Castillo prays that this Court grant his motion for rehearing and hold that the Double Jeopardy Clause bars his prosecution for the alleged aggravated assault against Carol Sanchez.  The judgment of the Court of Appeals that reversed the order of the trial court denying his pretrial application for writ of habeas corpus should therefore be affirmed and this cause should be remanded to the trial court

---

[35]     [Defendant's Exhibit D, III-89-95]

[36]     [Defendant's Exhibit D, IV–30-31]

[37]     See State's Exhibits 97 - 116 & 236 in Volume Seven of Defendant's Exhibit D.

with an order to dismiss the indictment in 2010-CR-11317 with prejudice.

Respectfully submitted:

/s/
MARK STEVENS
310 S. St. Mary's
Tower Life Building, Suite 1920
San Antonio, Texas  78205
(512) 226-1433
State Bar No. 19184200

MARIO DEL PRADO
222 Main Plaza
San Antonio, Texas 78205
(210) 698-3533 office
(210) 698-3701 fax
State Bar No. 05653600

Attorneys  for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion For Rehearing was delivered to the Bexar

County District Attorney's Office; 101 W. Nueva; San Antonio, Texas 78205, on this

the 18th day of June, 2015.

/s/
MARK STEVENS

17

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. PROC. 9.4(i)(2)(B), I certify that this Motion For Rehearing contains 3,786 words according to the word count of the computer program used to prepare the brief.

/s/_____

MARK STEVENS

18